UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. MITCHELL, CDCR #H38255,<br><br>        Plaintiff,<br><br>vs.<br><br>M. RYER, Corrections Sergeant, et al.,<br><br>        Defendants. | Case No.: 23-cv-661 TWR (MSB)<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILURE TO MOVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)** |

  Plaintiff John E. Mitchell ("Plaintiff" or "Mitchell"), proceeding pro se and currently housed at California State Prison, Sacramento located in Represa, California, has filed this civil rights action pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1, "Compl.")

  All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to

---

[1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed *in forma pauperis* ("IFP"). *Id.*

1

prepay the entire fee, however, if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). If a plaintiff is a prisoner, and even if he is granted leave to commence his suit IFP, he remains obligated to pay the entire filing fee in "increments," regardless of whether his case is ultimately dismissed. *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015); *see* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff has not prepaid the $402 in filing and administrative fees required to commence this civil action, nor has he submitted a properly supported Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a). Therefore, his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

Accordingly, the Court:

(1) **DISMISSES** this civil action *sua sponte* without prejudice based on Plaintiff's failure to pay the $402 civil filing and administrative fee or to submit a Motion to Proceed IFP pursuant to 28 U.S.C. § 1914(a) and § 1915(a); and

(2) **GRANTS** Plaintiff <u>forty-five (45) days from the date of this Order</u> to: (a) prepay the $402 fee in full; or (b) complete and file a Motion to Proceed IFP that includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2(b).

The Clerk of the Court is **DIRECTED** to provide Plaintiff with this Court's approved AO 239 form "Application to Proceed in District Court Without Prepaying Fees or Costs."

Plaintiff is cautioned that his Complaint will be screened before service and may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays the full $402 filing fee at once or is granted IFP status and is obligated to pay the full filing fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that is frivolous, malicious, fails

to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seek[ing] redress from a governmental entity or officer or employee of a governmental entity").

*If Plaintiff fails to either prepay the $402 civil filing fee or complete and submit the enclosed Motion to Proceed IFP within forty-five (45) days, this action will remain dismissed without prejudice based on his failure to satisfy 28 U.S.C. § 1914(a)'s fee requirements.*

**IT IS SO ORDERED.**

Dated: May 9, 2023

_____
Honorable Todd W. Robinson
United States District Judge