UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| JOHN E. MITCHELL,<br><br>Plaintiff,<br><br>v.<br><br>M. RYER, et al.,<br><br>Defendants. | Case No.: 23cv661-BJC (MSB)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO APPOINT COUNSEL [ECF NO. 44];**<br><br>**(2) DENYING MOTION FOR A COURT ORDER UNDER THE ALL WRITS ACT [ECF NO. 35]** |
|---|---|

Plaintiff John E. Mitchell ("Plaintiff") is incarcerated in state prison and proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Now pending before the Court are Plaintiff's Motion to Appoint Counsel [ECF No. 44] and Motion for a Court Order Under the All Writs Act [ECF No. 35]. The Court addresses each in turn.

### I. MOTION TO APPOINT COUNSEL

On May 1, 2024, the Court denied Plaintiff's first motion to appoint counsel, finding Plaintiff failed to demonstrate a likelihood of success on the merits or that he was unable to articulate his own claims. (See ECF No. 21 at 3–4.) On April 21, 2025, Plaintiff filed an "informal request for the Appointment of Counsel if this case does not

settle." (ECF No. 44 at 1.) The Court construes this liberally as another motion to appoint counsel (hereinafter "Motion"). See Bernhardt v. Los Angeles Cnty., 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints.").

In his single page Motion, Plaintiff raises concerns about "the invasion of privacy and theft of documents that pertained to the merits of [this] case." (ECF No. 44 at 1.) He contends the theft of documents "leaves all other pending actions as contaminated because I don't know what else they took, what they read?" (Id.) Plaintiff says he does not know the remedy for such a situation, which is why counsel must be appointed and for "the integrity of my files/property." (Id.) Plaintiff states "there is no lawful explanation for the intrusion[s]." (Id.) The Motion does not contain further details about which documents were allegedly stolen, nor does it explain what other "invasion of privacy" may have occurred. (Id.) However, in a separate February 21, 2025, filing, Plaintiff alleged that correctional officers searched his cell without his knowledge and took an eyewitness declaration signed by inmate Juan Rosales, as well as other eyewitness statements. (ECF No. 36 at 2–3.)

### A. Legal Standard

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't Soc. Servs., 452 U.S. 18, 25 (1981); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). Additionally, there is no constitutional right to a court-appointed attorney in cases filed by inmates arising under 42 U.S.C. § 1983. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). While 28 U.S.C. § 1915(e)(1) gives district courts discretion to "request" that an attorney represent indigent civil litigants, it may only be exercised upon a showing of "exceptional circumstances." Agyeman v. Corr. Corp. Am., 390 F.3d 1101, 1103 (9th Cir. 2004); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). When assessing whether exceptional circumstances exist, the Court must undergo "an evaluation of both 'the likelihood of success on the merits [and] the ability of the

1 | petitioner to articulate his claims *pro se* in light of the complexity of the legal issues
2 | involved.'" Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting
3 | Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  Courts must review both factors
4 | before deciding whether to appoint counsel, and neither factor is individually
5 | dispositive.  Id.
6 | **B. Analysis**
7 | **a. Likelihood of Success on the Merits**
8 | First, Plaintiff has not shown he is likely to succeed on the merits at this stage in
9 | the proceedings.  See Bailey v. Lawford, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (finding
10 | that where the plaintiff offered "no evidence other than his own assertions to support
11 | his claims," he failed to satisfy the first Wilborn factor).  Though the Court found
12 | Plaintiff's First Amended Complaint ("FAC") raised cognizable constitutional claims
13 | against various California Department of Corrections and Rehabilitation ("CDCR")
14 | employees [ECF No. 7], it is still premature to determine the strength of these claims.
15 | See e.g., Arellano v. Blahnik, No. 16cv2412-CAB-RNB, 2018 WL 4599697, at *2 n.1 (S.D.
16 | Cal. Sept. 25, 2018) (denying motion to appoint counsel because "[a]lthough plaintiff's [
17 | ] claim survived defendant's motion to dismiss, it is still too early to determine the
18 | likelihood of success on the merits."); Hearn v. RJD Warden, No. 22cv255-TWR-DDL,
19 | 2022 WL 17407996, at *2 (S.D. Cal. Dec. 2, 2022) (when the plaintiff's claims remain
20 | unproven at early stages of proceedings, "there is no basis upon which the Court can
21 | predict Plaintiff's success at trial.").
22 | Since his initial April 2024 motion to appoint counsel, Plaintiff has not provided
23 | any new evidence demonstrating he is likely to be successful on the merits.  (Compare
24 | ECF No. 21, with ECF No. 44.)  The instant Motion merely makes general allegations
25 | about the invasion of privacy and theft of documents, without explaining why Plaintiff is
26 | likely to prevail in this lawsuit.  (See ECF No 44 at 1.)  Therefore, Plaintiff fails to satisfy
27 | the first factor of the Wilborn test.  See, e.g., Bailey v. Lawford, 835 F. Supp. 550, 552
28 |

(S.D. Cal. 1993) (finding where the plaintiff offered "no evidence other than his own assertions to support his claims," he failed to satisfy the first <u>Wilborn</u> factor).

### b. **Plaintiff's Ability to Articulate Claims**

Second, Plaintiff has not established that this case is "exceptional" or that the issues in it are particularly complex. In the instant Motion, Plaintiff asks for appointment of counsel to protect the "integrity of my files/property." (ECF No. 44 at 1.) However, he does not explain why counsel is needed considering the complexity of the legal issues involved in this case, as required by the <u>Wilborn</u> test. <u>See</u> 789 F.2d at 1331. In addition to the filings currently before the Court, Plaintiff has filed various pleadings including a First Amended Complaint [ECF No. 6], Requests for a Stay of Proceedings [ECF Nos. 9 & 10], a Motion to Appoint Counsel [ECF No. 20], and various Requests for Judicial Notice [ECF Nos. 36, 39–41]. Plaintiff also appeared by video at settlement conferences on January 24, 2025; March 10, 2025; and April 22, 2025, and represented himself admirably during those sessions. (ECF Nos. 32, 37, 42.) To date, Plaintiff has demonstrated a good grasp of basic litigation procedure and has articulated his claims adequately. <u>See</u> <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009) (finding that the second <u>Wilborn</u> factor was not satisfied where the District Court observed Plaintiff "was well-organized, made clear points, and presented evidence effectively").

Other factors like indigency, incarceration, and being untrained in the law are difficulties that any imprisoned litigant would have in proceeding pro se; although the Court is sympathetic to these circumstances, they are not exceptional factors. <u>See</u> <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335–36 (9th Cir. 1990) (upholding denial of appointment of counsel where plaintiff complained that he had limited access to law library and lacked a legal education); <u>Sanford v. Doe</u>, No. 8cv1049-H-PCL, 2009 WL 10659695, at *2 (S.D. Cal. Sept. 17, 2009) (denying appointment of counsel due to a lack of exceptional circumstances where plaintiff argued an attorney would "better enable" him to present evidence and cross-examine witnesses).

//

### C. Conclusion

The evidence before the Court does not demonstrate that Plaintiff enjoys a likelihood of success on the merits or that he is unable to articulate his claims without the assistance of an attorney. Moreover, up to this point Plaintiff has been able to convey his arguments, communicate with the Court, and navigate civil procedure without legal counsel. Based on the foregoing, the Court **DENIES without prejudice** Plaintiff's Motion to Appoint Counsel [ECF No. 44].

## II. MOTION FOR A COURT ORDER UNDER THE ALL WRITS ACT

On January 29, 2025, Plaintiff filed a "Request for a Court Order Under the All Writs Act 28 U.S.C. § 1651." (ECF No. 35.) Plaintiff appears to be asking the Court to issue an order directed at non-party attorneys Crystal Morgan and Michael Hayden for reimbursement of $5,500 in legal fees that Plaintiff claims he is owed for non-performance related to this case and several other civil cases. (Id. at 2–3.) Plaintiff contends "he has been taken advantage of by [an] organization [that] 'preys' on the desparate [sic] and mental anxious incarserated [sic] persons who seek help." (Id. at 3.) Citing a Ninth Circuit case, Plaintiff asks the Court to " 'wield its civil contempt powers for two separate and independent purposes: (1) to coerce the defendant into compliance with the Court's order; and (2) to compensate the complainant for losses sustained.' " (Id. at 4 (citing Shell Offshore Inc. v. Greenpeace, Inc., 815 F.3d 623, 626 (9th Cir. 2016).) Plaintiff also attached the following: (1) a "Trust Account Withdrawal Order" requesting $5,500 be withdrawn from his account and paid to Unite the People for legal services [ECF No. 35-1 at 2]; (2) an invoice from Unite the People showing Plaintiff paid $5,500 by check on January 30, 2024 [ECF No. 35-1 at 3]; and (3) various electronic message requests sent by Plaintiff that discuss Unite the People, though the recipients and statuses of these requests are unclear [ECF No. 35-2].

### A. Legal Standard

The All Writs Act states: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective

jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Act is "not a grant of plenary power to the federal courts. Rather, it is designed to aid the courts in the exercise of their jurisdiction." Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). Under the Act, a court may exercise authority over persons or entities who, "though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice." United States v. N.Y. Tel. Co., 434 U.S. 159, 174 (1977) (internal citations omitted). However, the Supreme Court has held that if alternative remedies exist, then courts cannot justify an exercise of authority pursuant to the All Writs Act. See Clinton v. Goldsmith, 526 U.S. 529, 537 (1999) ("The All Writs Act invests a court with a power essentially equitable and, as such, not generally available to provide alternatives to other, adequate remedies at law.") Further, the Supreme Court has explained that "injunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances" and only when "the legal rights at issue are indisputably clear." Brown v. Gilmore, 122 S. Ct. 1, 2 (2001) (internal citations and quotations omitted).

### B. Analysis

Here, Plaintiff has not demonstrated that an order under the All Writs Act is "necessary" or "appropriate," as required by the statute. 28 U.S.C. § 1651(a). Plaintiff seeks an order directed at two attorneys who are not parties to the instant litigation. (ECF No 35.) Specifically, Plaintiff asks the Court to order attorneys Crystal Morgan and Michael Hayden to reimburse Plaintiff $5,500 for alleged non-performance of legal services in multiple federal court cases, including this one. (Id. at 4.) Although a court may exercise some authority over individuals who are not parties to the underlying litigation, N.Y. Tel. Co., 434 U.S. at 174, the All Writs Act is meant to aid the court in the exercise and preservation of jurisdiction it has acquired from an independent source. Plum Creek Lumber Co., 608 F.2d at 1289. Plaintiff has not cited to any legal authority supporting the Court's independent jurisdiction over Morgan or Hayden.

Further, if alternative remedies exist, then courts cannot justify an exercise of authority pursuant to the All Writs Act. Clinton, 526 U.S. at 537. Here, it is unclear if Morgan and Hayden are aware that Plaintiff is seeking reimbursement of $5,500, because Plaintiff's message requests do not indicate recipients or delivery status. (ECF No. 35-2.) Plaintiff states, "[t]he Los Angeles District Attorney Office was contacted in efforts to file criminal charges against employees at Unite the People." (ECF No. 35 at 3.) However, Plaintiff does not otherwise indicate that he has made any attempts to address the problems.[1]  Finally, injunctive relief under the All Writs Act should be used "sparingly and only in the most critical and exigent circumstances," and such circumstances do not exist here. Brown, 533 U.S. at 1303. Although the Court is sympathetic to the obstacles Plaintiff has faced while trying to procure legal services, he has not provided sufficient support justifying issuance of an order directed at two non-party attorneys. Thus, the Court **DENIES** Plaintiff's Motion for a Court Order Under the All Writs Act [ECF No. 35].

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion to Appoint Counsel [ECF No. 44] and Motion for a Court Order Under the All Writs Act [ECF No. 35].

**IT IS SO ORDERED**.

Dated: June 16, 2025

Honorable Michael S. Berg
United States Magistrate Judge

---

[1] In February 2025, the undersigned independently contacted the California State Bar after learning about Plaintiff's dispute with Unite the People. The following month, the California State Bar responded that the Court's correspondence was added to Mr. Mitchell's file. Plaintiff has not provided any further updates about the status of his attorney complaint.