UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN E. MITCHELL, | | Case No.:  23cv661-BJC (MSB) |
| | Plaintiff, | **ORDER FOLLOWING IN CAMERA REVIEW** |
| v. | | |
| M. RYER, et al., | | |
| | Defendants. | |

## I.    BACKGROUND

On October 23, 2025, the Court ordered Defendants' counsel to search for the following documents: (1) grievances or complaints filed against Defendants Ryer and Valencia from 2017– 2019 involving violations of policies and procedures; and (2) grievances or complaints filed against Defendants Salas and Esho from 2015–2019 involving excessive force incidents.  (ECF No. 78 at 2.)  After conducting these searches, Defendants' counsel requested to withhold certain documents.  (ECF No. 82.)  To adequately assess Defendants' privilege claims and conduct the necessary balancing, the Court ordered Defendants to lodge "a privilege log and all responsive materials Defendants seek to withhold" for *in camera* review.  (Id. at 2.)  The Court twice continued Defendants' deadline due to the parties' mutual desire to engage in a

settlement conference, which the Court held via video conference on March 17, 2026. (See ECF Nos. 86–87, 92.)  Thereafter on April 1, 2026, Defendants timely lodged their documents and an accompanying letter with Judge Berg's chambers.  Defendants did not provide a privilege log.

In their letter, Defendants emphasize that Fed. R. Evid. 404(b)(1) prohibits the use of "[e]vidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Defendants argue Plaintiff improperly seeks evidence of prior grievances "to show that Defendants had a history of acting in a certain manner," which is expressly prohibited by Fed. R. Evid. 404(b)(1).  Moreover, Defendants contend "limiting grievances to those involving 'violation of policies and procedures' was not effectively limiting as, essentially every grievance (by their general nature) alleges conduct which, if verified, would likely 'violate policy and procedure.'"  Finally, Defendants assert that none of the conduct in the documents produced "bears any relationship to [Defendants'] alleged conduct in this case" and there were no findings of violations of California Department of Corrections and Rehabilitation ("CDCR") policy.

## II.    DISCUSSION

The Federal Rules authorize parties to obtain discovery regarding any unprivileged matter that is relevant to any claim or defense and proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  Moreover, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable."  Id.  Relevant evidence "has any tendency to make a fact **more or less probable** than it would be without the evidence" and "the fact is of consequence in determining the action."  Fed. R. Evid. 401 (emphasis added).  District

courts have broad discretion to determine relevancy for discovery purposes.  See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

After a careful review of the *in camera* documents, the Court finds the documents are relevant and proportional to the needs of this case.  Specifically, the Court finds the documents—which pertain to instances of alleged misconduct by Defendants—are relevant to Plaintiff's claims, regardless of whether the documents will be admissible at trial or whether there were findings of violations of CDCR policy.  Additionally, the Court finds the documents do not implicate proportionality concerns because they cover reasonable periods of time and only total approximately 170 pages.  Defendants request permission to redact highlighted text containing personal identifiable information.  Additionally, Defendants ask that Plaintiff be permitted to review the documents in the Litigation Coordinator's Office or another room arranged by the Litigation Coordinator, but that Plaintiff not be permitted to retain copies of the documents.  The Court finds these requests to be reasonable.  Therefore, the Court **ORDERS** Defendants to produce the redacted, *in camera* documents to Plaintiff pursuant to the terms outlined above and the terms agreed to in the parties' Protective Order [ECF Nos. 47–48] by **no later than April 27, 2026**.

**IT IS SO ORDERED**.

Dated:  April 10, 2026

_____
Honorable Michael S. Berg
United States Magistrate Judge

23cv661-BJC (MSB)